**Paul D. HIRSTEIN, Plaintiff,**

v.

**AMERICAN MOTORS CORPORATION and Jeep Corporation, Defendants.**

Civ. No. H 85–1149.

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 17, 1986.

S. Jerome Levy, Murray Stewart Pearlman, Chicago, Ill., Alan Faulkner, Hammond, Ind., for plaintiff.

R. Michael Parker, Richard E. Steinbronn, Elkhart, Ind., for defendants.

Steven R. Crist, Highland, Ind., for nonparties.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Protective Order Regarding Statements of Non-Party filed by the defendants, American Motors Corporation and Jeep Corporation, on November 12, 1986. For the reasons set forth below, the motion is DENIED.

The plaintiff was seriously injured in a one-car accident when his vehicle, manufactured and distributed by the defendants, overturned. The plaintiff has instituted this products liability action and has alleged that a design defect rendered the vehicle unreasonably dangerous and caused it to overturn. After the accident, the defendant obtained statements from Spiro Pandazis and Teri Pandazis. The Pandazises have requested copies of their statements. Although the defendants acknowledge that the Pandazises are entitled to copies of their statements under Federal Rule of Civil Procedure 26(b)(3), the defendants have requested an order prohibiting the Pandazises from providing copies of the statements to the plaintiff.

Rule 26(b)(3) recognizes the work product privilege established in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). As a general rule, statements of witnesses taken by a party in anticipation of litigation are protected by the work product privilege. However, Rule 26(b)(3) gives a witness the absolute right to obtain a copy of a prior statement:

Upon request, a person not a party may obtain ... a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order.

The defendants acknowledge that they are required to give the Pandazises copies of their statements. However, the defendants object to the Pandazises circumventing the work product privilege by providing copies of the statements to the plaintiff. In Wright and Miller, 8 *Federal Practice and Procedure* § 2028 (1970), this problem was anticipated:

[I]t is the witness himself who is entitled to request the statement—although it

may be expected that in most cases he will make the request at the urging of one of the parties.

§ 2028 at p. 239.

The defendants have not cited any authority which would support their request for an order prohibiting the Pandazises from providing copies of the statements to the plaintiff. This Court's independent research also has failed to disclose any such authority. Once the Pandazises have been provided copies of their statements, they may use them however they see fit.

For the foregoing reasons, the Motion for Protective Order Regarding Statements of Non-Party filed by the defendants on November 12, 1986, is DENIED. The defendants are ORDERED to provide copies of the statements to Spiro Pandazis and Teri Pandazis within ten (10) days.